**Order filed October 9, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00640-CV
_____

**TUAN ANH TRAN, Appellant**

**V.**

**SHERYN D. NGUYEN, Appellee**

---

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 76429-F**

---

## ABATEMENT ORDER

According to information provided to this court, this appeal is from a final decree of divorce signed July 17, 2014. Appellant filed a notice of appeal on August 7, 2014. Sarah Caldwell, the court reporter for this case, notified this court that appellant is appealing as indigent. On September 25, 2014, pursuant to this court's order, the Brazoria County District Clerk's office certified to this court that the file contains no order on appellant's claim of indigence. Appellant has filed an affidavit of indigence in this court. On October 3, 2014, Sarah Caldwell, the

official court reporter for Brazoria County Court at Law No. 2, who reported the final trial, filed a contest to appellant's affidavit of indigence.

The Rules of Appellate Procedure permit appellant to file an affidavit of indigence in the appellate court. If the affidavit is filed in an appellate court, and a contest is filed, the court may refer the matter to the trial court with instructions to hear evidence and grant the appropriate relief. Tex. R. App. P. 20.1(h)(4).

Accordingly, we abate the appeal and refer the matter to the trial court. We **ORDER** the trial court to hold a hearing on the contest within the time prescribed in Texas Rule of Appellate Procedure 20.1(i)(2). *See* Tex. R. App. P. 20.1(i)(2) (requiring the hearing within 10 days of the receipt of referred contest); 20.1(i)(3) (permitting one 20 day extension of time to conduct the hearing). The trial court's order ruling on the contest must be signed within the period set for the hearing. *See* Tex. R. App. P. 20.1(i)(4).

The court reporter shall file a reporter's record from the hearing on the contest to appellant's claim of indigence, including any exhibits admitted at the hearing. The record of the hearing, the trial court's order, and any written findings on whether appellant is entitled to proceed without advance payment of costs shall be filed with the clerk of this court on or before **45 days from the date of this order.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the the supplemental records ordered herein have been filed. The court will also consider an appropriate motion to reinstate the appeal filed by any party, or the court may reinstate the appeal on its own motion.

PER CURIAM